# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STACEY STARKS-NEAL and JOHN NEAL, Individually and as Parents and Next Friends of ALEXANDRIA NEAL, a minor, <br><br> Plaintiffs, <br><br> vs. <br><br> UNITED STATES OF AMERICA, PCC COMMUNITY WELLNESS CENTER, an Illinois not-for-profit corporation,  VHS WEST SUBURBAN MEDICAL CENTER, INC., SHERIF MILIK, M.D., LEAH SUAREZ-ABRAHAM, M.D., UMANG SHARMA, M.D., JAMES FALISZEK, M.D., KS, R.T., MARY HEGSTROM, D.O., STEVEN SMRHA, D.O., VANESSA NOBOA, M.D., EUNICE CHAN, D.O., JESSICA M. MCCOLLEY, D.O., KATHERINE D. LYNCH, M.D., ZOE SMITH, M.D., ALEXANDER WU, M.D., DOUGLAS LANOUE, M.D., DIANE GRUBER, R.N., TAMEKA MYLES, R.N., and  NANCY GRAHAM, R.N. <br><br> Defendants. | Civil Action No.: <br><br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, STACEY STARKS-NEAL and JOHN NEAL, Individually and as Parents and Next Friends of ALEXANDRIA NEAL, a minor, through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants, UNITED STATES OF AMERICA (hereinafter referred to as "UNITED STATES"), PCC COMMUNITY WELLNESS CENTER, an Illinois not-for-profit corporation (hereinafter referred to as "PCC"), VHS WEST SUBURBAN MEDICAL CENTER, INC. (hereinafter referred to as "VHS"), SHERIF MILIK, M.D. (hereinafter referred to as "MILIK"), LEAH SUAREZ-ABRAHAM, M.D. (hereinafter referred to as "SUAREZ-ABRAHAM"), UMANG SHARMA, M.D. (hereinafter referred to as "SHARMA"), JAMES FALISZEK, M.D. (hereinafter referred to as "FALISZEK"),

KS, R.T. (hereinafter referred to as "KS"), MARY HEGSTROM, M.D. (hereinafter referred to as "HEGSTROM"), STEVEN SMRHA, D.O. (hereinafter referred to as "SMRHA"), VANESSA NOBOA, M.D. (hereinafter referred to as "NOBOA"), EUNICE CHAN, D.O. (hereinafter referred to as "CHAN"), JESSICA M. MCCOLLEY, D.O. (hereinafter referred to as "MCCOLLEY"), KATHERINE D. LYNCH, M.D. (hereinafter referred to as "LYNCH"), ZOE SMITH, M.D. (hereinafter referred to as "SMITH"), ALEXANDER WU, M.D. (hereinafter referred to as "WU"), DOUGLAS LANOUE, M.D. (hereinafter referred to as "LANOUE"), DIANE GRUBER, R.N. (hereinafter referred to as "GRUBER"), TAMEKA MYLES, R.N. (hereinafter referred to as "MYLES"), and NANCY GRAHAM, R.N. (hereinafter referred to as "GRAHAM"), pleading hypothetically and in the alternative, state as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

2. Pursuant to 28 U.S.C. § 2675, on October 21, 2013 Plaintiffs presented an Administrative Claim for claims set forth below to the Department of Health and Human Services.

3. The Department of Health and Human Services denied the claim within six months of presentation on April 1, 2014 and all conditions precedent to the filing of an action under the Federal Tort Claims Act have been met pursuant to 28 U.S.C. § 2675.

4. Venue is properly within this District under 28 U.S.C. § 1402(b), as the acts complained of occurred in the Northern District of Illinois.

5. Pursuant to 28 U.S.C. § 1367(a), this Court has supplemental jurisdiction over Plaintiffs' additional claims against non-federal party Defendants named herein as those claims are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

## PARTIES

6. Plaintiffs are residents of Cook County, Illinois.

7. The UNITED STATES and PCC, a not-for-profit federally funded health and wellness center, are proper Defendants under the Federal Tort Claims Act, 28 U.S.C. §§ 2671 and 2674.

8. Defendants MILIK, SUAREZ-ABRAHAM, SHARMA, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, SMITH, WU, and LANOUE are sued as employees of the UNITED STATES and PCC, and in their individual capacities, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

9. Defendants MILIK, SUAREZ-ABRAHAM, SHARMA, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, SMITH, WU, and LANOUE are also sued as employees of VHS and in their individual capacities, pursuant to federal supplemental jurisdiction under 28 U.S.C. § 1367(a).

10. Defendants FALISZEK, KS, GRUBER, MYLES, and GRAHAM are sued as employees of VHS and in their individual capacities, pursuant to federal supplemental jurisdiction under 28 U.S.C. § 1367.

## FACTUAL ALLEGATIONS

11. That on October 19, 2012, and at all times pertinent hereto, Defendant PCC was a family health clinic with its administrative office at 14 Lake Street, Oak Park, Illinois, 60302 and was engaged in providing health services in the City of Oak Park, County of Cook, and State of Illinois.

12. That on the aforementioned date, Defendant PCC had on its staff various physicians, nurses, and related healthcare providers for the purposes of effectuating healthcare services.

13. That on October 19, 2012, and at all times pertinent hereto, Defendant VHS was a foreign corporation and hospital, with its principal place of business located at 1 Erie Court, Suite 6160,

Oak Park, Illinois, 60302 and was engaged in providing health services in the City of Oak Park, County of Cook, and State of Illinois.

14. That on the aforementioned date, Defendant VHS employed various physicians, nurses, and related healthcare providers for the purposes of effectuating healthcare services.

15. That on October 19, 2012, and at all times pertinent hereto, Defendant MILIK was a family practice physician duly licensed within the State of Illinois.

16. That at all times pertinent hereto, Defendant MILIK was an employee and/or agent of Defendant UNITED STATES.

17. That at all times pertinent hereto, Defendant MILIK was acting within the course and scope of his authority as an employee and/or agent of Defendant UNITED STATES.

18. That at all times pertinent hereto, Defendant MILIK was an employee and/or agent of Defendant PCC.

19. That at all times pertinent hereto, Defendant MILIK was acting within the course and scope of his authority as an employee and/or agent of Defendant PCC.

20. That at all times pertinent hereto, Defendant MILIK was an employee and/or agent of Defendant VHS.

21. That at all times pertinent hereto, Defendant MILIK was acting within the course and scope of his authority as an employee and/or agent of Defendant VHS.

22. That on October 19, 2012, and at all times pertinent hereto, Defendant SUAREZ-ABRAHAM was a family practice physician duly licensed within the State of Illinois.

23. That at all times pertinent hereto, Defendant SUAREZ-ABRAHAM was an employee and/or agent of Defendant UNITED STATES.

24. That at all times pertinent hereto, Defendant SUAREZ-ABRAHAM was acting within the course and scope of her authority as an employee and/or agent of Defendant UNITED STATES.

25. That at all times pertinent hereto, Defendant SUAREZ-ABRAHAM was an employee and/or agent of Defendant PCC.

26. That at all times pertinent hereto, Defendant SUAREZ-ABRAHAM was acting within the course and scope of her authority as an employee and/or agent of Defendant PCC.

27. That at all times pertinent hereto, Defendant SUAREZ-ABRAHAM was an employee and/or agent of Defendant VHS.

28. That at all times pertinent hereto, Defendant SUAREZ-ABRAHAM was acting within the course and scope of her authority as an employee and/or agent of Defendant VHS.

29. That on October 19, 2012, and at all times pertinent hereto, Defendant SHARMA was a family practice physician duly licensed within the State of Illinois.

30. That at all times pertinent hereto, Defendant SHARMA was an employee and/or agent of Defendant UNITED STATES.

31. That at all times pertinent hereto, Defendant SHARMA was acting within the course and scope of her authority as an employee and/or agent of Defendant UNITED STATES.

32. That at all times pertinent hereto, Defendant SHARMA was an employee and/or agent of Defendant PCC.

33. That at all times pertinent hereto, Defendant SHARMA was acting within the course and scope of her authority as an employee and/or agent of Defendant PCC.

34. That at all times pertinent hereto, Defendant SHARMA was an employee and/or agent of Defendant VHS.

35. That at all times pertinent hereto, Defendant SHARMA was acting within the course and scope of her authority as an employee and/or agent of Defendant VHS.

36. That on October 18, 2012, and at all times pertinent hereto, Defendant FALISZEK was a diagnostic radiology physician duly licensed within the State of Illinois.

37. That at all times pertinent hereto, Defendant FALISZEK was an employee and/or agent of Defendant VHS.

38. That at all times pertinent hereto, Defendant FALISZEK was acting within the course and scope of his authority as an employee and/or agent of Defendant VHS.

39. That on October 17, 2012, and at all times pertinent hereto, Defendant KS was a radiology technologist duly licensed within the State of Illinois.

40. That at all times pertinent hereto, Defendant KS was an employee and/or agent of Defendant VHS.

41. That at all times pertinent hereto, Defendant KS was acting within the course and scope of his authority as an employee and/or agent of Defendant VHS.

42. That on October 19, 2012, and at all times pertinent hereto, Defendant HEGSTROM was a family practice physician duly licensed within the State of Illinois.

43. That at all times pertinent hereto, Defendant HEGSTROM was an employee and/or agent of Defendant UNITED STATES.

44. That at all times pertinent hereto, Defendant HEGSTROM was acting within the course and scope of her authority as an employee and/or agent of Defendant UNITED STATES.

45. That at all times pertinent hereto, Defendant HEGSTROM was an employee and/or agent of Defendant PCC.

46.  That at all times pertinent hereto, Defendant HEGSTROM was acting within the course and scope of her authority as an employee and/or agent of Defendant PCC.

47.  That at all times pertinent hereto, Defendant HEGSTROM was an employee and/or agent of Defendant VHS.

48.  That at all times pertinent hereto, Defendant HEGSTROM was acting within the course and scope of her authority as an employee and/or agent of Defendant VHS.

49.  That on October 19, 2012, and at all times pertinent hereto, Defendant SMRHA was a family practice physician duly licensed within the State of Illinois.

50.  That at all times pertinent hereto, Defendant SMRHA was an employee and/or agent of Defendant UNITED STATES.

51.  That at all times pertinent hereto, Defendant SMRHA was acting within the course and scope of his authority as an employee and/or agent of Defendant UNITED STATES.

52.  That at all times pertinent hereto, Defendant SMRHA was an employee and/or agent of Defendant PCC.

53.  That at all times pertinent hereto, Defendant SMRHA was acting within the course and scope of his authority as an employee and/or agent of Defendant PCC.

54.  That at all times pertinent hereto, Defendant SMRHA was an employee and/or agent of Defendant VHS.

55.  That at all times pertinent hereto, Defendant SMRHA was acting within the course and scope of his authority as an employee and/or agent of Defendant VHS.

56.  That on October 19, 2012, and at all times pertinent hereto, Defendant NOBOA was a family practice physician duly licensed within the State of Illinois.

57. That at all times pertinent hereto, Defendant NOBOA was an employee and/or agent of Defendant UNITED STATES.

58. That at all times pertinent hereto, Defendant NOBOA was acting within the course and scope of her authority as an employee and/or agent of Defendant UNITED STATES.

59. That at all times pertinent hereto, Defendant NOBOA was an employee and/or agent of Defendant PCC.

60. That at all times pertinent hereto, Defendant NOBOA was acting within the course and scope of her authority as an employee and/or agent of Defendant PCC.

61. That at all times pertinent hereto, Defendant NOBOA was an employee and/or agent of Defendant VHS.

62. That at all times pertinent hereto, Defendant NOBOA was acting within the course and scope of her authority as an employee and/or agent of Defendant VHS.

63. That on October 19, 2012, and at all times pertinent hereto, Defendant CHAN was a family practice physician duly licensed within the State of Illinois.

64. That at all times pertinent hereto, Defendant CHAN was an employee and/or agent of Defendant UNITED STATES.

65. That at all times pertinent hereto, Defendant CHAN was acting within the course and scope of her authority as an employee and/or agent of Defendant UNITED STATES.

66. That at all times pertinent hereto, Defendant CHAN was an employee and/or agent of Defendant PCC.

67. That at all times pertinent hereto, Defendant CHAN was acting within the course and scope of her authority as an employee and/or agent of Defendant PCC.

68. That at all times pertinent hereto, Defendant CHAN was an employee and/or agent of Defendant VHS.

69. That at all times pertinent hereto, Defendant CHAN was acting within the course and scope of her authority as an employee and/or agent of Defendant VHS.

70. That on October 19, 2012, and at all times pertinent hereto, Defendant MCCOLLEY was a family practice physician duly licensed within the State of Illinois.

71. That at all times pertinent hereto, Defendant MCCOLLEY was an employee and/or agent of Defendant UNITED STATES.

72. That at all times pertinent hereto, Defendant MCCOLLEY was acting within the course and scope of her authority as an employee and/or agent of Defendant UNITED STATES.

73. That at all times pertinent hereto, Defendant MCCOLLEY was an employee and/or agent of Defendant PCC.

74. That at all times pertinent hereto, Defendant MCCOLLEY was acting within the course and scope of her authority as an employee and/or agent of Defendant PCC.

75. That at all times pertinent hereto, Defendant MCCOLLEY was an employee and/or agent of Defendant VHS.

76. That at all times pertinent hereto, Defendant MCCOLLEY was acting within the course and scope of her authority as an employee and/or agent of Defendant VHS.

77. That on October 19, 2012, and at all times pertinent hereto, Defendant LYNCH was a family practice physician duly licensed within the State of Illinois.

78. That at all times pertinent hereto, Defendant LYNCH was an employee and/or agent of Defendant UNITED STATES.

79. That at all times pertinent hereto, Defendant LYNCH was acting within the course and scope of her authority as an employee and/or agent of Defendant UNITED STATES.

80. That at all times pertinent hereto, Defendant LYNCH was an employee and/or agent of Defendant PCC.

81. That at all times pertinent hereto, Defendant LYNCH was acting within the course and scope of her authority as an employee and/or agent of Defendant PCC.

82. That at all times pertinent hereto, Defendant LYNCH was an employee and/or agent of Defendant VHS.

83. That at all times pertinent hereto, Defendant LYNCH was acting within the course and scope of her authority as an employee and/or agent of Defendant VHS.

84. That on October 19, 2012, and at all times pertinent hereto, Defendant SMITH was a family practice physician duly licensed within the State of Illinois.

85. That at all times pertinent hereto, Defendant SMITH was an employee and/or agent of Defendant UNITED STATES.

86. That at all times pertinent hereto, Defendant SMITH was acting within the course and scope of her authority as an employee and/or agent of Defendant UNITED STATES.

87. That at all times pertinent hereto, Defendant SMITH was an employee and/or agent of Defendant PCC.

88. That at all times pertinent hereto, Defendant SMITH was acting within the course and scope of her authority as an employee and/or agent of Defendant PCC.

89. That at all times pertinent hereto, Defendant SMITH was an employee and/or agent of Defendant VHS.

90. That at all times pertinent hereto, Defendant SMITH was acting within the course and scope of her authority as an employee and/or agent of Defendant VHS.

91. That on October 19, 2012, and at all times pertinent hereto, Defendant WU was a family practice physician duly licensed within the State of Illinois.

92. That at all times pertinent hereto, Defendant WU was an employee and/or agent of Defendant UNITED STATES.

93. That at all times pertinent hereto, Defendant WU was acting within the course and scope of his authority as an employee and/or agent of Defendant UNITED STATES.

94. That at all times pertinent hereto, Defendant WU was an employee and/or agent of Defendant PCC.

95. That at all times pertinent hereto, Defendant WU was acting within the course and scope of his authority as an employee and/or agent of Defendant PCC.

96. That at all times pertinent hereto, Defendant WU was an employee and/or agent of Defendant VHS.

97. That at all times pertinent hereto, Defendant WU was acting within the course and scope of his authority as an employee and/or agent of Defendant VHS.

98. That on October 19, 2012, and at all times pertinent hereto, Defendant LANOUE was a family practice physician duly licensed physician within the State of Illinois.

99. That at all times pertinent hereto, Defendant LANOUE was an employee and/or agent of Defendant UNITED STATES.

100. That at all times pertinent hereto, Defendant LANOUE was acting within the course and scope of his authority as an employee and/or agent of Defendant UNITED STATES.

101. That at all times pertinent hereto, Defendant LANOUE was an employee and/or agent of Defendant PCC.

102. That at all times pertinent hereto, Defendant LANOUE was acting within the course and scope of his authority as an employee and/or agent of Defendant PCC.

103. That at all times pertinent hereto, Defendant LANOUE was an employee and/or agent of Defendant VHS.

104. That at all times pertinent hereto, Defendant LANOUE was acting within the course and scope his authority as an employee and/or agent of Defendant VHS.

105. That on October 19, 2012, and at all times pertinent hereto, Defendant GRUBER was a registered nurse duly licensed within the State of Illinois.

106. That at all times pertinent hereto, Defendant GRUBER was an employee and/or agent of Defendant VHS.

107. That at all times pertinent hereto, Defendant GRUBER was acting within the course and scope of her authority as an employee and/or agent of Defendant VHS.

108. That on October 19, 2012, and at all times pertinent hereto, Defendant MYLES was a registered nurse duly licensed within the State of Illinois.

109. That at all times pertinent hereto, Defendant MYLES was an employee and/or agent of Defendant VHS.

110. That at all times pertinent hereto, Defendant MYLES was acting within the course and scope of her authority as an employee and/or agent of Defendant VHS.

111. That on October 19, 2012, and at all pertinent times hereto, Defendant GRAHAM was a registered nurse duly licensed within the State of Illinois.

112.  That at all times pertinent hereto, Defendant GRAHAM was an employee and/or agent of Defendant VHS.

113.  That at all times pertinent hereto, Defendant GRAHAM was acting within the course and scope of her authority as an employee and/or agent of Defendant VHS.

114.  That in 2012, Plaintiff STACEY STARKS-NEAL was pregnant.

115.  That Plaintiff STACEY STARKS-NEAL received prenatal care from Defendant LYNCH.

116.  That Plaintiff STACEY STARKS-NEAL received prenatal care from Defendant SMITH.

117.  That Plaintiff STACEY STARKS-NEAL received prenatal care from Defendant WU.

118.  That Plaintiff STACEY STARKS-NEAL received prenatal care from Defendant LANOUE.

119.  That Plaintiff STACEY STARKS-NEAL's pregnancy was complicated by a uterine fibroid.

120.  That Plaintiff STACEY STARKS-NEAL's pregnancy was complicated by macrosomia.

121.  That on October 17, 2012, a fetal ultrasound was performed on Plaintiff STACEY STARKS-NEAL by Defendant KS.

122.  That the October 17, 2012 fetal ultrasound was interpreted by Defendant FALISZEK and he dictated his report documenting his interpretation on October 18, 2012.

123.  That Plaintiff STACEY STARKS-NEAL entered Defendant VHS while pregnant on October 19, 2012.

124.  That during the aforementioned hospitalization commencing on October 19, 2012, Plaintiff STACEY STARKS-NEAL was examined and/or treated by Defendant MILIK.

125. That during the aforementioned hospitalization commencing on October 19, 2012, Plaintiff STACEY STARKS-NEAL was examined and/or treated by Defendant SUAREZ-ABRAHAM.

126. That during the aforementioned hospitalization commencing on October 19, 2012, Plaintiff STACEY STARKS-NEAL was examined and/or treated by Defendant SHARMA.

127. That during the aforementioned hospitalization commencing on October 19, 2012, Plaintiff STACEY STARKS-NEAL was examined and/or treated by Defendant HEGSTROM.

128. That during the aforementioned hospitalization commencing on October 19, 2012, Plaintiff STACEY STARKS-NEAL was examined and/or treated by Defendant SMRHA.

129. That during the aforementioned hospitalization commencing on October 19, 2012, Plaintiff STACEY STARKS-NEAL was examined and/or treated by Defendant NOBOA.

130. That during the aforementioned hospitalization commencing on October 19, 2012, Plaintiff STACEY STARKS-NEAL was examined and/or treated by Defendant CHAN.

131. That during the aforementioned hospitalization commencing on October 19, 2012, Plaintiff STACEY STARKS-NEAL was examined and/or treated by Defendant MCCOLLEY.

132. That during the aforementioned hospitalization commencing on October 19, 2012, Plaintiff STACEY STARKS-NEAL was examined and/or treated by Defendant LYNCH.

133. That during the aforementioned hospitalization commencing on October 19, 2012, Plaintiff STACEY STARKS-NEAL was examined and/or treated by Defendant GRUBER.

134. That during the aforementioned hospitalization commencing on October 19, 2012, Plaintiff STACEY STARKS-NEAL was examined and/or treated by Defendant MYLES.

135. That during the aforementioned hospitalization commencing on October 19, 2012, Plaintiff STACEY STARKS-NEAL was examined and/or treated by Defendant GRAHAM.

136. That after admission to VHS on October 19, 2012, Plaintiff STACEY STARKS-NEAL remained in Defendant VHS from the time of her admission up to and including the birth of her child, ALEXANDRIA NEAL, on October 19, 2012.

137. That Defendant MILIK provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

138. That Defendant MILIK was aware prior to the birth of ALEXANDRIA NEAL that a fetal ultrasound was performed on Plaintiff STACEY STARKS-NEAL on October 17, 2012.

139. That Defendant MILIK was aware of the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

140. That Defendant MILIK reviewed the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

141. That Defendant MILIK relied upon the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL during the course of the provision of labor management services and prior to the birth of ALEXANDRIA NEAL.

142. That Defendant SUAREZ-ABRAHAM provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

143. That Defendant SUAREZ-ABRAHAM was aware prior to the birth of ALEXANDRIA NEAL that a fetal ultrasound was performed on Plaintiff STACEY STARKS-NEAL on October 17, 2012.

144. That Defendant SUAREZ-ABRAHAM was aware of the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

145. That Defendant SUAREZ-ABRAHAM reviewed the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

146. That Defendant SUAREZ-ABRAHAM relied upon the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL during the course of the provision of labor management services and prior to the birth of ALEXANDRIA NEAL.

147. That Defendant SHARMA provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

148. That Defendant SHARMA was aware prior to the birth of ALEXANDRIA NEAL that a fetal ultrasound was performed on Plaintiff STACEY STARKS-NEAL on October 17, 2012.

149. That Defendant SHARMA was aware of the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

150. That Defendant SHARMA reviewed the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

151. That Defendant SHARMA relied upon the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL during the course of the provision of labor management services and prior to the birth of ALEXANDRIA NEAL.

152. That Defendant SMITH provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

153. That Defendant SMITH was aware prior to the birth of ALEXANDRIA NEAL that a fetal ultrasound was performed on Plaintiff STACEY STARKS-NEAL on October 17, 2012.

154. That Defendant SMITH was aware of the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

155. That Defendant SMITH reviewed the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

156. That Defendant SMITH relied upon the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL during the course of the provision of labor management services and prior to the birth of ALEXANDRIA NEAL.

157. That Defendant HEGSTROM provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

158. That Defendant HEGSTROM was aware prior to the birth of ALEXANDRIA NEAL that a fetal ultrasound was performed on Plaintiff STACEY STARKS-NEAL on October 17, 2012.

159. That Defendant HEGSTROM was aware of the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

160. That Defendant HEGSTROM reviewed the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

161. That Defendant HEGSTROM relied upon the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL during the course of the provision of labor management services and prior to the birth of ALEXANDRIA NEAL.

162. That Defendant SMRHA provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

163. That Defendant SMRHA was aware prior to the birth of ALEXANDRIA NEAL that a fetal ultrasound was performed on Plaintiff STACEY STARKS-NEAL on October 17, 2012.

164. That Defendant SMRHA was aware of the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

165. That Defendant SMRHA reviewed the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

166. That Defendant SMRHA relied upon the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL during the course of the provision of labor management services and prior to the birth of ALEXANDRIA NEAL.

167. That Defendant NOBOA provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

168. That Defendant NOBOA was aware prior to the birth of ALEXANDRIA NEAL that a fetal ultrasound was performed on Plaintiff STACEY STARKS-NEAL on October 17, 2012.

169. That Defendant NOBOA was aware of the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

170. That Defendant NOBOA reviewed the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

171. That Defendant NOBOA relied upon the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL during the course of the provision of labor management services and prior to the birth of ALEXANDRIA NEAL.

172. That Defendant CHAN provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

173. That Defendant CHAN was aware prior to the birth of ALEXANDRIA NEAL that a fetal ultrasound was performed on Plaintiff STACEY STARKS-NEAL on October 17, 2012.

174. That Defendant CHAN was aware of the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

175. That Defendant CHAN reviewed the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

176. That Defendant CHAN relied upon the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL during the course of the provision of labor management services and prior to the birth of ALEXANDRIA NEAL.

177. That Defendant MCCOLLEY provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

178. That Defendant MCCOLLEY was aware prior to the birth of ALEXANDRIA NEAL that a fetal ultrasound was performed on Plaintiff STACEY STARKS-NEAL on October 17, 2012.

179. That Defendant MCCOLLEY was aware of the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

180. That Defendant MCCOLLEY reviewed the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

181. That Defendant MCCOLLEY relied upon the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL during the course of the provision of labor management services and prior to the birth of ALEXANDRIA NEAL.

182. That Defendant LYNCH provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

183. That Defendant LYNCH was aware prior to the birth of ALEXANDRIA NEAL that a fetal ultrasound was performed on Plaintiff STACEY STARKS-NEAL on October 17, 2012.

184. That Defendant LYNCH was aware of the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

185. That Defendant LYNCH reviewed the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

186. That Defendant LYNCH relied upon the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL during the course of the provision of labor management services and prior to the birth of ALEXANDRIA NEAL.

187.  That Defendant LANOUE provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

188.  That Defendant LANOUE was aware prior to the birth of ALEXANDRIA NEAL that a fetal ultrasound was performed on Plaintiff STACEY STARKS-NEAL on October 17, 2012.

189.  That Defendant LANOUE was aware of the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

190.  That Defendant LANOUE reviewed the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

191.  That Defendant LANOUE relied upon the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL during the course of the provision of labor management services and prior to the birth of ALEXANDRIA NEAL.

192.  That Defendant WU provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

193.  That Defendant WU was aware prior to the birth of ALEXANDRIA NEAL that a fetal ultrasound was performed on Plaintiff STACEY STARKS-NEAL on October 17, 2012.

194.  That Defendant WU was aware of the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

195.  That Defendant WU reviewed the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL prior to the birth of ALEXANDRIA NEAL.

196. That Defendant WU relied upon the results of the October 17, 2012 fetal ultrasound performed on Plaintiff STACEY STARKS-NEAL during the course of the provision of labor management services and prior to the birth of ALEXANDRIA NEAL.

197. That Defendant GRUBER provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

198. That Defendant MYLES provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

199. That Defendant GRAHAM provided labor management and delivery services for Plaintiffs STACEY STARKS-NEAL and ALEXANDRIA NEAL during the course of the aforesaid hospitalization.

200. That on October 19, 2012, Plaintiff ALEXANDRIA NEAL was delivered.

201. That on October 19, 2012, Plaintiff ALEXANDRIA NEAL was macrosomic.

202. As a result of the birth of Plaintiff ALEXANDRIA NEAL on October 19, 2012, Plaintiff STACEY STARKS-NEAL was injured.

203. That at the time of delivery on October 19, 2012, Plaintiff ALEXANDRIA NEAL was injured.

## COUNT I

NOW COMES the Plaintiff, ALEXANDRIA NEAL, a minor, by her parents and next friends, STACEY STARKS-NEAL and JOHN NEAL, by and through her attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants VHS, FALISZEK and KS, pleading hypothetically and in the alternative, states as follows:

1-203. Plaintiff adopts and realleges paragraphs one (1) through two-hundred three (203) of this Complaint previously set forth herein as paragraphs one (1) through two-hundred three (203) of Count I of this Complaint, as though fully set forth herein.

204. That the Defendants VHS, FALISZEK and KS were then and there guilty of one or more of the following acts or omissions:

    a. Failing to properly perform the ultrasound images of October 17, 2012; and
    b. Failing to properly interpret the ultrasound images of October 17, 2012.

205. That the aforesaid injury to Plaintiff ALEXANDRIA NEAL was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants VHS, FALISZEK and KS.

206. That as a result of the injury, Plaintiff ALEXANDRIA NEAL, has been injured, damaged, and incapacitated; has in the past and will in the future incur medical, hospital, nursing, and related costs and expenses; will lose in the future wages and earnings which she otherwise would have earned and acquired; has been caused to suffer pain, disability, inconvenience, and disfigurement; all of which conditions and injuries are permanent.

207. That attached to this Complaint at Law, as **Exhibit A**, is the affidavit of Plaintiffs' attorney, Jeffrey M. Goldberg, in compliance with Section 2-622 of the Illinois Code of Civil Procedure.

208. That attached to this Complaint at Law, as **Exhibit B**, is the certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE Plaintiff, ALEXANDRIA NEAL, a minor, by her parents and next friends, STACEY STARKS-NEAL and JOHN NEAL, prays for judgment against the Defendants VHS, FALISZEK and KS and for damages in such an amount as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT II

NOW COMES the Plaintiff, STACEY STARKS-NEAL, by and through her attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants VHS, FALISZEK and KS, pleading hypothetically and in the alternative, states as follows:

1-203.  Plaintiff adopts and realleges paragraphs one (1) through two-hundred three (203) of this Complaint previously set forth herein as paragraphs one (1) through two-hundred three (203) of Count II of this Complaint, as though fully set forth herein.

204.   That the Defendants VHS, FALISZEK and KS were then and there guilty of one or more of the following acts or omissions:

        a.   Failing to properly perform the ultrasound images of October 17, 2012;  and
        b.   Failing to properly interpret the ultrasound images of October 17, 2012.

205.   That the aforesaid injury to Plaintiff STACEY STARKS-NEAL was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants VHS, FALISZEK and KS.

206.   That as a result of the injury, Plaintiff STACEY STARKS-NEAL, has been injured, damaged, and incapacitated; has in the past and will in the future incur medical, hospital, nursing, and related costs and expenses; will lose in the future wages and earnings which she otherwise would have earned and acquired; has been caused to suffer pain, disability, inconvenience, and disfigurement; all of which conditions and injuries are permanent.

207. That attached to this Complaint at Law, as **Exhibit A**, is the affidavit of Plaintiffs' attorney, Jeffrey M. Goldberg, in compliance with Section 2-622 of the Illinois Code of Civil Procedure.

208.  That attached to this Complaint at Law, as **Exhibit B**, is the certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE Plaintiff, STACEY STARKS-NEAL, prays for judgment against the Defendants VHS, FALISZEK and KS and for damages in such an amount as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT III

NOW COME the Plaintiffs, STACEY STARKS-NEAL and JOHN NEAL, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants VHS, FALISZEK and KS, pleading hypothetically and in the alternative, state as follows:

1-208. Plaintiffs adopt and reallege paragraphs one (1) through two-hundred eight (208) of Count I of this Complaint previously set forth herein as paragraphs one (1) through two-hundred eight (208) of Count III of this Complaint, as though fully set forth herein.

209. That at all times relevant to this action, STACEY STARKS-NEAL was the mother of ALEXANDRIA NEAL.

210. That at all times relevant to this action, JOHN NEAL was the father of ALEXANDRIA NEAL

211. That as a direct and proximate result of one or more of the aforesaid acts or omissions of Defendants, and the resultant injuries suffered by ALEXANDRIA NEAL, STACEY STARKS-NEAL and JOHN NEAL have become legally obligated for medical, hospital and related services and expenses.

212. That pursuant to the Family Expense Act, 750 ILCS 65/15, STACEY STARKS-NEAL and JOHN NEAL are entitled to recover for the expenses and services associated with the care and treatment received by their daughter, ALEXANDRIA NEAL, as a result of her injuries.

WHEREFORE Plaintiffs, STACEY STARKS-NEAL and JOHN NEAL, pray for judgment against the Defendants VHS, FALISZEK and KS, and for damages in such an amount as shall be just and proper compensation for expenses incurred, plus costs.

**COUNT IV**

NOW COMES the Plaintiff, JOHN NEAL, by and through his attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants VHS, FALISZEK and KS, pleading hypothetically and in the alternative, states as follows:

1-208. Plaintiff adopts and realleges paragraphs one (1) through two-hundred eight (208) of Count II of this Complaint previously set forth herein as paragraphs one (1) through two-hundred eight (208) of Count IV of this Complaint, as though fully set forth herein.

209. As a result of the injuries suffered by Plaintiff, STACEY STARKS-NEAL, her husband, Plaintiff, JOHN NEAL, has suffered a loss of consortium.

WHEREFORE the Plaintiff, JOHN NEAL, prays for judgment against the Defendants VHS, FALISZEK and KS and for damages in such an amount as shall be just and proper compensation for the injuries sustained, plus costs.

**COUNT V**

NOW COMES the Plaintiff, ALEXANDRIA NEAL, a minor, by her parents and next friends, STACEY STARKS-NEAL and JOHN NEAL, by and through her attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants UNITED STATES, VHS, PCC, LYNCH, SMITH, WU and LANOUE, pleading hypothetically and in the alternative, states as follows:

1-203. Plaintiff adopts and realleges paragraphs one (1) through two-hundred three (203) of this Complaint previously set forth herein as paragraphs one (1) through two-hundred three (203) of Count V of this Complaint, as though fully set forth herein.

204. That the Defendants, UNITED STATES, VHS, PCC, LYNCH, SMITH, WU and LANOUE, were then and there guilty of one or more of the following acts or omissions:

    a.  Failing to perform a gestational diabetes screen at or about 24 weeks gestation; and

    b.  Failing to diagnose and treat gestational diabetes.

205. That the aforesaid injury to Plaintiff ALEXANDRIA NEAL was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants UNITED STATES, VHS, PCC, LYNCH, SMITH, WU and LANOUE.

206. That as a result of the injury, Plaintiff ALEXANDRIA NEAL, has been injured, damaged, and incapacitated; has in the past and will in the future incur medical, hospital, nursing, and related costs and expenses; will lose in the future wages and earnings which she otherwise would have earned and acquired; has been caused to suffer pain, disability, inconvenience, and disfigurement; all of which conditions and injuries are permanent.

207. That attached to this Complaint at Law, as **Exhibit A**, is the affidavit of Plaintiffs' attorney, Jeffrey M. Goldberg, in compliance with Section 2-622 of the Illinois Code of Civil Procedure.

208. That attached to this Complaint at Law, as **Exhibit C**, is the certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE Plaintiff, ALEXANDRIA NEAL, a minor, by her parents and next friends, STACEY STARKS-NEAL and JOHN NEAL, prays for judgment against the Defendants UNITED STATES, VHS, PCC, LYNCH, SMITH, WU and LANOUE and for damages in an amount as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT VI

NOW COMES the Plaintiff, STACEY STARKS-NEAL, by and through her attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants UNITED STATES, VHS, PCC, LYNCH, SMITH, WU and LANOUE, pleading hypothetically and in the alternative, states as follows:

1-203. Plaintiff adopts and realleges paragraphs one (1) through two-hundred three (203) of this Complaint previously set forth herein as paragraphs one (1) through two-hundred three (203) of Count VI of this Complaint, as though fully set forth herein.

204.    That the Defendants, UNITED STATES, VHS, PCC, LYNCH, SMITH, WU and LANOUE, were then and there guilty of one or more of the following acts or omissions:

      a.  Failing to perform a gestational diabetes screen at or about 24 weeks gestation; and

      b.  Failing to diagnose and treat gestational diabetes.

205.    That the aforesaid injury to Plaintiff STACEY STARKS-NEAL was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants UNITED STATES, VHS, PCC, LYNCH, SMITH, WU and LANOUE.

206.    That as a result of the injury, Plaintiff STACEY STARKS-NEAL, has been injured, damaged, and incapacitated; has in the past and will in the future incur medical, hospital, nursing, and related costs and expenses; will lose in the future wages and earnings which she otherwise

would have earned and acquired; has been caused to suffer pain, disability, inconvenience, and disfigurement; all of which conditions and injuries are permanent.

207.   That attached to this Complaint at Law, as **Exhibit A**, is the affidavit of Plaintiffs' attorney, Jeffrey M. Goldberg, in compliance with Section 2-622 of the Illinois Code of Civil Procedure.

208.   That attached to this Complaint at Law, as **Exhibit C**, is the certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE Plaintiff, STACEY STARKS-NEAL, prays for judgment against the Defendants UNITED STATES, VHS, PCC, LYNCH, SMITH, WU, and LANOUE and for damages in an amount as shall be just and proper compensation for the injuries sustained, plus costs.

<u>**COUNT VII**</u>

NOW COME the Plaintiffs, STACEY STARKS-NEAL and JOHN NEAL, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants, UNITED STATES, VHS, PCC, LYNCH, SMITH, WU and LANOUE, pleading hypothetically and in the alternative, state as follows:

1-208.   Plaintiffs adopt and reallege paragraphs one (1) through two-hundred eight (208) of Count V of this Complaint previously set forth herein as paragraphs one (1) through two-hundred eight (208) of Count VII of this Complaint, as though fully set forth herein.

209.   That at all times relevant to this action, STACEY STARKS-NEAL was the mother of ALEXANDRIA NEAL.

210.   That at all times relevant to this action, JOHN NEAL was the father of ALEXANDRIA NEAL

211. That as a direct and proximate result of one or more of the aforesaid acts or omissions of Defendants, and the resultant injuries suffered by ALEXANDRIA NEAL, STACEY STARKS-NEAL and JOHN NEAL have become legally obligated for medical, hospital and related services and expenses.

212. That pursuant to the Family Expense Act, 750 ILCS 65/15, STACEY STARKS-NEAL and JOHN NEAL are entitled to recover for the expenses and services associated with the care and treatment received by their daughter, ALEXANDRIA NEAL, as a result of her injuries.

WHEREFORE Plaintiffs, STACEY STARKS-NEAL and JOHN NEAL, pray for judgment against the Defendants, UNITED STATES, VHS, PCC, LYNCH, SMITH, WU and LANOUE, and for damages in such an amount as shall be just and proper compensation for expenses incurred, plus costs.

## COUNT VIII

NOW COMES the Plaintiff, JOHN NEAL, by and through his attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants UNITED STATES, VHS, PCC, LYNCH, SMITH, WU, and LANOUE, pleading hypothetically and in the alternative, states as follows:

1-208. Plaintiff adopts and realleges paragraphs one (1) through two-hundred eight (208) of Count VI of this Complaint previously set forth herein as paragraphs one (1) through two-hundred eight (208) of Count VIII of this Complaint, as though fully set forth herein.

209. As a result of the injuries suffered by Plaintiff, STACEY STARKS-NEAL, her husband, Plaintiff, JOHN NEAL, has suffered a loss of consortium.

WHEREFORE the Plaintiff, JOHN NEAL, prays for judgment against Defendants, UNITED STATES, VHS, PCC, LYNCH, SMITH, WU and LANOUE, and for damages in such an amount as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT IX

NOW COMES the Plaintiff, ALEXANDRIA NEAL, a minor, by her parents and next friends, STACEY STARKS-NEAL and JOHN NEAL, by and through her attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants UNITED STATES, VHS, PCC, MILIK, SUAREZ-ABRAHAM, SHARMA, SMITH, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, LANOUE, and WU, pleading hypothetically and in the alternative, states as follows:

1-203. Plaintiff adopts and realleges paragraphs one (1) through two-hundred three (203) of this Complaint previously set forth herein as paragraphs one (1) through two-hundred three (203) of Count IX of this Complaint, as though fully set forth herein.

204. That the Defendants, UNITED STATES, VHS, PCC, MILIK, SUAREZ-ABRAHAM, SHARMA, SMITH, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, LANOUE and WU, were then and there guilty of one or more of the following acts and/or omissions:

    a. Failing to consult with/refer to an obstetrician for care and treatment of a complicated pregnancy, significant for fibroid uterus, untreated gestational diabetes, and large for gestational age fetus with a high probability for shoulder dystocia;

    b. Failing to consult an obstetrician for possible cesarean section due to the obvious risk factors;

    c. Failing to offer a cesarean section and discuss risk factors of shoulder dystocia and brachial plexus injury; and

d. Failing to avoid the use of excessive lateral traction during the delivery of Alexandria Neal.

205. That the aforesaid injury to Plaintiff ALEXANDRIA NEAL was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants UNITED STATES, VHS, PCC, MILIK, SUAREZ-ABRAHAM, SHARMA, SMITH, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, LANOUE and WU

206. That as a result of the injury, Plaintiff ALEXANDRIA NEAL has been injured, damaged, and incapacitated; has in the past and will in the future incur medical, hospital, nursing, and related costs and expenses; will lose in the future wages and earnings which she otherwise would have earned and acquired; has been caused to suffer pain, disability, inconvenience, and disfigurement; all of which conditions and injuries are permanent.

207. That attached to this Complaint at Law, as **Exhibit A**, is the affidavit of Plaintiffs' attorney, Jeffrey M. Goldberg, in compliance with Section 2-622 of the Illinois Code of Civil Procedure.

208. That attached to this Complaint at Law, as **Exhibit C**, is the certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE Plaintiff, ALEXANDRIA NEAL, a minor, by her parents and next friends, STACEY STARKS-NEAL and JOHN NEAL, prays for judgment against the Defendants, UNITED STATES, VHS, PCC, MILIK, SUAREZ-ABRAHAM, SHARMA, SMITH, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, LANOUE and WU, and for damages in such an amount as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT X

NOW COMES the Plaintiff, STACEY STARKS-NEAL, by and through her attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants, UNITED STATES, VHS, PCC, MILIK, SUAREZ-ABRAHAM, SHARMA, SMITH, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, LANOUE and WU, pleading hypothetically and in the alternative, states as follows:

1-203. Plaintiff adopts and realleges paragraphs one (1) through two-hundred three (203) of this Complaint previously set forth herein as paragraphs one (1) through two-hundred three (203) of Count X of this Complaint, as though fully set forth herein.

204.   That the Defendants, UNITED STATES, VHS, PCC, MILIK, SUAREZ-ABRAHAM, SHARMA, SMITH, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, LANOUE and WU, were then and there guilty of one or more of the following acts and/or omissions:

    a. Failing to consult with/refer to an obstetrician for care and treatment of a complicated pregnancy, significant for fibroid uterus, untreated gestational diabetes, and large for gestational age fetus with a high probability for shoulder dystocia;

    b. Failing to consult an obstetrician for possible cesarean section due to the obvious risk factors;

    c. Failing to offer a cesarean section and discuss risk factors of shoulder dystocia and brachial plexus injury;  and

    d. Failing to avoid the use of excessive lateral traction during the delivery of Alexandria Neal.

205.   That the aforesaid injury to Plaintiff STACEY STARKS-NEAL was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants UNITED STATES, VHS, PCC, MILIK, SUAREZ-ABRAHAM, SHARMA, SMITH, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, LANOUE and WU.

206. That as a result of the injury, Plaintiff STACEY STARKS-NEAL has been injured, damaged, and incapacitated; has in the past and will in the future incur medical, hospital, nursing, and related costs and expenses; will lose in the future wages and earnings which she otherwise would have earned and acquired; has been caused to suffer pain, disability, inconvenience, and disfigurement; all of which conditions and injuries are permanent.

207. That attached to this Complaint at Law, as **Exhibit A**, is the affidavit of Plaintiffs' attorney, Jeffrey M. Goldberg, in compliance with Section 2-622 of the Illinois Code of Civil Procedure.

208. That attached to this Complaint at Law, as **Exhibit C**, is the certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, STACEY STARKS-NEAL, prays for judgment against the Defendants, UNITED STATES, VHS, PCC, MILIK, SUAREZ-ABRAHAM, SHARMA, SMITH, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, LANOUE and WU, and for damages in such an amount as shall be just and proper compensation for the injuries sustained, plus costs.

**COUNT XI**

NOW COME the Plaintiffs, STACEY STARKS-NEAL and JOHN NEAL, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants, UNITED STATES, VHS, PCC, MILIK, SUAREZ-ABRAHAM, SHARMA, SMITH, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, LANOUE and WU, pleading hypothetically and in the alternative, state as follows:

1-208. Plaintiffs adopt and reallege paragraphs one (1) through two-hundred eight (208) of Count IX of this Complaint previously set forth herein as paragraphs one (1) through two-hundred eight (208) of Count XI of this Complaint, as though fully set forth herein.

209. That at all times relevant to this action, STACEY STARKS-NEAL was the mother of ALEXANDRIA NEAL.

210. That at all times relevant to this action, JOHN NEAL was the father of ALEXANDRIA NEAL

211. That as a direct and proximate result of one or more of the aforesaid acts or omissions of Defendants, and the resultant injuries suffered by ALEXANDRIA NEAL, STACEY STARKS-NEAL and JOHN NEAL have become legally obligated for medical, hospital and related services and expenses.

212. That pursuant to the Family Expense Act, 750 ILCS 65/15, STACEY STARKS-NEAL and JOHN NEAL are entitled to recover for the expenses and services associated with the care and treatment received by their daughter, ALEXANDRIA NEAL, as a result of her injuries.

WHEREFORE, Plaintiffs, STACEY STARKS-NEAL and JOHN NEAL, pray for judgment against the Defendants, UNITED STATES, VHS, PCC, MILIK, SUAREZ-ABRAHAM, SHARMA, SMITH, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, LANOUE and WU, and for damages in such an amount as shall be just and proper compensation for expenses incurred, plus costs.

## COUNT XII

NOW COMES the Plaintiff, JOHN NEAL, by and through his attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants UNITED STATES, VHS, PCC, MILIK, SUAREZ-ABRAHAM, SHARMA, SMITH, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, LANOUE and WU, pleading hypothetically and in the alternative, states as follows:

1-208. Plaintiff adopts and realleges paragraphs one (1) through two-hundred eight (208) of Count X of this Complaint previously set forth herein as paragraphs one (1) through two-hundred eight (208) of Count XII of this Complaint, as though fully set forth herein.

209. As a result of the injuries suffered by Plaintiff, STACEY STARKS-NEAL, her husband, Plaintiff, JOHN NEAL, has suffered a loss of consortium.

WHEREFORE, the Plaintiff, JOHN NEAL, prays for judgment against Defendants, UNITED STATES, VHS, PCC, MILIK, SUAREZ-ABRAHAM, SHARMA, SMITH, HEGSTROM, SMRHA, NOBOA, CHAN, MCCOLLEY, LYNCH, LANOUE and WU, and for damages in such an amount as shall be just and proper compensation for the injuries sustained, plus costs.

## COUNT XIII

NOW COMES the Plaintiff, ALEXANDRIA NEAL, a minor, by her parents and next friends, STACEY STARKS-NEAL and JOHN NEAL, by and through her attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants VHS, GRUBER, MYLES and GRAHAM, pleading hypothetically and in the alternative, states as follows:

1-203. Plaintiff adopts and realleges paragraphs one (1) through two-hundred three (203) of this Complaint previously set forth herein as paragraphs one (1) through two-hundred three (203) of Count XIII of this Complaint, as though fully set forth herein.

204. That the Defendants VHS, GRUBER, MYLES and GRAHAM, were then and there guilty of one or more of the following acts and/or omissions:

      a. Failing to manage Pitocin properly in lieu of an abnormal electronic fetal heart rate pattern and uterine hyperstimulation; and

      b. Failing to effectuate the chain of command given the presence of abnormal fetal heart tone strips and the lack of an obstetrician involved in the care and delivery of Stacey Starks-Neal and her daughter, Alexandria Neal.

205. That the aforesaid injury to Plaintiff ALEXANDRIA NEAL was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants VHS, GRUBER, MYLES and GRAHAM.

206. That as a result of the injury, Plaintiff ALEXANDRIA NEAL has been injured, damaged, and incapacitated; has in the past and will in the future incur medical, hospital, nursing, and related costs and expenses; will lose in the future wages and earnings which she otherwise would have earned and acquired; has been caused to suffer pain, disability, inconvenience, and disfigurement; all of which conditions and injuries are permanent.

207. That attached to this Complaint at Law, as **Exhibit A**, is the affidavit of Plaintiffs' attorney, Jeffrey M. Goldberg, in compliance with Section 2-622 of the Illinois Code of Civil Procedure.

208. That attached to this Complaint at Law, as **Exhibit C**, is the certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, ALEXANDRIA NEAL, a minor, by her parents and next friends, STACEY STARKS-NEAL and JOHN NEAL, prays for judgment against the Defendants VHS, GRUBER, MYLES and GRAHAM, and for damages in such an amount as shall be just and proper compensation for the injuries sustained, plus costs of this suit.

## COUNT XIV

NOW COMES the Plaintiff, STACEY STARKS-NEAL, by and through her attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants VHS, GRUBER, MYLES and GRAHAM, pleading hypothetically and in the alternative, states as follows:

1-203. Plaintiff adopts and realleges paragraphs one (1) through two-hundred three (203) of this Complaint previously set forth herein as paragraphs one (1) through two-hundred three (203) of Count XIV of this Complaint, as though fully set forth herein.

204. That the Defendants VHS, GRUBER, MYLES and GRAHAM, were then and there guilty of one or more of the following acts and/or omissions:

    a. Failing to manage Pitocin properly in lieu of an abnormal electronic fetal heart rate pattern and uterine hyperstimulation; and

    b. Failing to effectuate the chain of command given the presence of abnormal fetal heart tone strips and the lack of an obstetrician involved in the care and delivery of Stacey Starks-Neal and her daughter, Alexandria Neal.

205. That the aforesaid injury to Plaintiff STACEY STARKS-NEAL was a direct and proximate result of one or more of the aforesaid acts and/or omissions of the Defendants VHS, GRUBER, MYLES and GRAHAM.

206. That as a result of the injury, Plaintiff STACEY STARKS-NEAL has been injured, damaged, and incapacitated; has in the past and will in the future incur medical, hospital, nursing, and related costs and expenses; will lose in the future wages and earnings which she otherwise

would have earned and acquired; has been caused to suffer pain, disability, inconvenience, and disfigurement; all of which conditions and injuries are permanent.

207. That attached to this Complaint at Law, as **Exhibit A**, is the affidavit of Plaintiffs' attorney, Jeffrey M. Goldberg, in compliance with Section 2-622 of the Illinois Code of Civil Procedure.

208. That attached to this Complaint at Law, as **Exhibit C**, is the certificate of merit pursuant to Section 2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, STACEY STARKS-NEAL, prays for judgment against the Defendants VHS, GRUBER, MYLES and GRAHAM, and for damages in such an amount as shall be just and proper compensation for the injuries sustained, plus costs of this suit.

## COUNT XV

NOW COME the Plaintiffs, STACEY STARKS-NEAL and JOHN NEAL, by and through their attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants VHS, GRUBER, MYLES and GRAHAM, pleading hypothetically and in the alternative, state as follows:

1-208. Plaintiffs adopt and reallege paragraphs one (1) through two-hundred eight (208) of Count XIII of this Complaint previously set forth herein as paragraphs one (1) through two-hundred eight (208) of Count XV of this Complaint, as though fully set forth herein.

209. That at all times relevant to this action, STACEY STARKS-NEAL was the mother of ALEXANDRIA NEAL.

210. That at all times relevant to this action, JOHN NEAL was the father of ALEXANDRIA NEAL

211.  That as a direct and proximate result of one or more of the aforesaid acts or omissions of Defendants, and the resultant injuries suffered by ALEXANDRIA NEAL, STACEY STARKS-NEAL and JOHN NEAL have become legally obligated for medical, hospital and related services and expenses.

212.  That pursuant to the Family Expense Act, 750 ILCS 65/15, STACEY STARKS-NEAL and JOHN NEAL are entitled to recover for the expenses and services associated with the care and treatment received by their daughter, ALEXANDRIA NEAL, as a result of her injuries.

WHEREFORE, Plaintiffs, STACEY STARKS-NEAL and JOHN NEAL, pray for judgment against the Defendants VHS, GRUBER, MYLES and GRAHAM, and for damages in such an amount as shall be just and proper compensation for expenses incurred, plus costs.

## COUNT XVI

NOW COMES the Plaintiff, JOHN NEAL, by and through his attorneys, JEFFREY M. GOLDBERG LAW OFFICES, and complaining of the Defendants VHS, GRUBER, MYLES and GRAHAM, pleading hypothetically and in the alternative, states as follows:

1-208. Plaintiff adopts and realleges paragraph one (1) through two-hundred eight (208) of Count XIV of this Complaint previously set forth herein as paragraph one (1) through two-hundred eight (208) of Count XVI of this Complaint, as though fully set forth herein.

209.  As a result of the injuries suffered by Plaintiff, STACEY STARKS-NEAL, her husband, Plaintiff, JOHN NEAL, has suffered a loss of consortium.

WHEREFORE, the Plaintiff, JOHN NEAL, prays for a judgment against Defendants VHS, GRUBER, MYLES and GRAHAM, and for damages in such an amount as shall be just and proper compensation for the injuries sustained, plus costs.

**JEFFREY M. GOLDBERG LAW OFFICES**

By:  \_\_/s/Jeffrey M. Goldberg_____

**JEFFREY M. GOLDBERG LAW OFFICES**
Attorneys for Plaintiffs
20 N. Clark Street
Suite 3100
Chicago, IL 60602
T:  (312) 236-4146
F:  (312) 236-5913